■ The People of the State of New York ex rel. Joseph Imbruglia, Appellant, against J. Vernel Jackson, as Warden of Clinton Prison, Respondent.— Relator appeals from an order of the Supreme Court in Clinton County which dismissed an application for a writ of habeas corpus. Defendant was indicted in Queens County for attempted robbery, first degree, attempted grand larceny, first degree, assault second degree, assault first degree, and carrying a dangerous weapon. On May 9, 1956, he made a motion for inspection of the Grand Jury minutes and dismissal of the indictment. Upon the return of the motion the Grand Jury minutes were handed to the court, and on May 11 the court dismissed the first three counts of the indictment on the ground there was insufficient evidence. By notice of motion on June 8, 1956, the People moved for a reargument of the motion. The motion was opposed by defendant's counsel and the court granted the reargument, reversed itself and reinstated the three indictments, and denied the motion to inspect the Grand Jury minutes. Later, on November 21, 1956, defendant entered a plea of guilty to assault in the second degree. The sole point of the defendant, made through counsel, is that there is no statutory authority for such a reargument, and hence the court lost jurisdiction when it dismissed the three counts of the indictment and could not regain it by granting a reargument. It is true that there is nothing in the Code of Criminal Procedure which expressly authorizes a reargument of a motion in a criminal case. Neither is there any provision expressly prohibiting reargument. Unquestionably the court had the power to hear the motion in the first instance, and upon motion promptly made had the inherent power to "re-hear" it, even in a criminal case, and to modify or change its decision. (*People* v. *Cimino*, 163 App. Div. 217; *People* v. *Lemmons*, 270 App. Div. 828.) Order unanimously affirmed. Present — Foster, P. J., Bergan, Coon, Gibson and Reynolds, JJ.