(13 Misc. Rep. 132.)

### BROOKMAN v. STETSON et al.

(Common Pleas of New York City and County, General Term.   June 3, 1895.)

1. EVIDENCE—DECLARATIONS—EFFECT AS TO THIRD PERSON.
    In an action to charge defendant as a member of a certain firm, statements made by one of the partners that defendant was a partner are not competent as against defendant.

2. APPEAL FROM DISTRICT COURT—REVERSAL.
    A judgment of a district court of New York City will be reversed, where there is no evidence to support it, though there was no error of law.

Appeal from Sixth district court.

Action by Henry A. Brookman against John Y. Stetson and others for wages and money advanced.   There was a judgment in favor of plaintiff, and defendant Stetson appeals.   Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Charles A. Runk, for appellant.
Joel M. Marx, for respondent.

BOOKSTAVER, J.   This action was brought against James Budd, John Y. Stetson, Marshall E. Hunter, and Jott Grant, as copartners, composing the firm of J. Budd & Co.   James Budd and John Y. Stetson were the only defendants served.   Budd allowed judgment to be taken against him by default.   Stetson put in a general denial.   It was claimed by the plaintiff that Stetson, by his conduct, held himself out to the world as a partner and "backer" of the firm.   Defendant put in evidence an agreement between the four defendants, by which it appeared that he advanced money to Budd for the purpose of developing certain patents and the processes thereunder, and establishing a business.   He had no interest in the profits, nor was he liable for the losses of the business.   Plaintiff does not claim that this agreement constituted Stetson a partner, and in fact he contends that this secret agreement is not binding upon him, and endeavors to show Stetson's connection with the partnership by his acts.   To do this, plaintiff put his father, the manager of Budd & Co., on the stand.   He testified to certain acts of defendant; but, as far as plaintiff was concerned, it is not shown that he knew of these acts, or that he had any knowledge that Stetson was a partner, or that in accepting the employment plaintiff relied upon either the act or the fact.   The only testimony upon this point by plaintiff was given under objection and exception by the defendant, and was to the effect that he was employed by Budd, who told him that Stetson was a partner.   While Budd's admission that Stetson was a partner would be binding upon him, it was not competent to bind Stetson (Whitney v. Ferris, 10 Johns. 66); and it was error to admit this testimony.   Plaintiff's case rests upon this one piece of incompetent testimony.   There is no other evidence that he had reason to believe that Stetson was a partner, or relied upon that fact in accepting the employment.   The evidence given by the elder Brookman is of little effect in the face of the fact that he knew of

the negotiations leading up to the agreement made by the defendant, and was acquainted with and interested in the provisions thereof. We, therefore, think that there is no evidence to support the judgment appealed from, and we are satisfied that justice has not been done, in which case we will reverse, even though there be no error of law. Jourdan v. Healey (Com. Pl. N. Y.) 19 N. Y. Supp. 240.,

The judgment must therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.