(16 Misc. Rep. 57.)

### RIVES v. MICHAELS et al.

(Supreme Court, Appellate Term, First Department. February 26, 1896.)

1. PARTNERSHIP—EVIDENCE OF AS TO THIRD PERSONS.
   A person cannot be held liable as a partner of one who has contracted a debt on the mere statement of the debtor, made in the absence of the person sought to be charged.

2. SAME.
   A person cannot be charged as a partner merely because of his acts and declarations subsequent to the contracting of the debt for which it is sought to make him liable.

Appeal from First district court.

Action by Charles G. Rives against Conrad Michaels and another to recover a balance due on a contract. From a judgment for plaintiff, defendant Michaels appeals. Reversed.

Argued before McADAM and BISCHOFF, JJ.

Martin & Weil, for appellant.

James R. Angel, for respondent.

McADAM, J. The action was against the defendants, as partners, for the recovery of $50, the balance due upon a contract made with the plaintiff for the sale of 1,000 copies of the Financial Review, containing an advertisement of the Central Park Storage Warehouse Company. The price agreed upon was $100, and the order was given by the defendant McKenna, who has not appealed. The question to be determined is whether the defendant Michaels was a partner of McKenna, and therefore jointly liable with him for the debt. It is apparent from the testimony that the defendants were not partners as between themselves, and this leads to the inquiry whether, by their conduct, they became partners as to the plaintiff. The order given to the plaintiff was in writing, signed "John J. McKenna, Manager." Michaels' name in no manner appeared in the order, which did not disclose a partnership; nor was there any sign or cards indicating that McKenna had a partner, or that the appellant had any interest in McKenna's business. There is no proof that Michaels did or said anything prior to the contracting of the debt or delivery of the papers to lead the plaintiff to suppose that he was a partner, or that he shared to any extent the profits or losses of McKenna's business. The proof relied upon to make out a partnership is furnished by the statement McKenna made to the plaintiff's son that his uncle (Michaels) owned the largest share in the firm, and that he (McKenna) was manager; and by the testimony of Frederick B. Davis, plaintiff's collector, that he saw McKenna and Michaels together; that Michaels, after consulting with McKenna, gave him a check for $50, which was paid on account of the bill; that the papers delivered by the plaintiff were found on the floor of Michaels' saloon; and that at one time Michaels said to the witness: "You see McKenna about it. He has charge of these things." Michaels testified that he had no interest in the business carried on by McKenna; that the building belonged to him, and he had let it to McKenna; and

that he (Michaels) was engaged in an entirely different enterprise. McKenna testified substantially to the same facts. The admission of the latter that his uncle was a partner in no manner bound Michaels, who was not present at the time. Kirby v. Hewitt, 26 Barb. 607. There is no doubt that a person holding himself out as a partner, thereby inducing others to act on the faith of appearances, is liable as if he were in fact a partner; the real ground of liability being that a credit has been thereby gained. But no person can be fixed with liability on the ground he has been held out as a partner unless two things concur, viz.: First, the holding out must have been either by him or with his consent, express or implied; second, before giving the credit, it must have been known to the person seeking to establish liability. Lindl. Partn. (2d Am. Ed.) 42, 43; Burnett v. Snyder, 76 N. Y. 344; Brookman v. Stetson, 13 Misc. Rep. 132, 34 N. Y. Supp. 168. The record before us does not disclose such a state of facts. If Michaels had, prior to the giving of the credit, made any declaration or representation to the plaintiff, whereby he led plaintiff to believe that he was a partner of McKenna, and had in consequence induced the plaintiff to bestow labor or part with property, he would, on equitable principles, have been estopped from denying as to the plaintiff that he held such partnership relation. But there is no such proof in the case. The acts of Michaels, even if regarded as of any significance, were all subsequent to the contracting of the debt.

The judgment as to Michaels must therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event.