In the Matter of the Application of HARRY P. FRIEDMAN to Vacate the Award, and the Application of MORRIS A. FRIEDMAN to Confirm an Award in Arbitration, Made the 29th Day of January, 1924, in the Matter of the Arbitration between HARRY P. FRIEDMAN and MORRIS A. FRIEDMAN.

Supreme Court, New York Special Term, October 22, 1924.

Arbitration — award — motion on newly-discovered evidence for rehearing of motion previously granted vacating award of three arbitrators for alleged improper conduct of one — party, objecting to award, may not attack its validity where he has accepted benefit from it — proponent of award not barred from rehearing by reason of appeal — election by party, if inadvertent, may be excused.

An application for the rehearing of a motion previously granted vacating an award made by three arbitrators for the alleged improper conduct of one of them, should be granted where it appears that the proponent of the award predicated his motion for the rehearing on newly-discovered facts of which he was not aware at the time the previous action was taken, though he appealed from the order vacating the arbitration.

One of the parties to the award, who filed objections, may not now attack its validity, where he has accepted and deposited a check included in the award, since he has lost the right to object by accepting a benefit arising out of the award.

*It seems*, that an election or an act equivalent thereto, if the result of inadvertence or mistake, may possibly be excused.

MOTION for rehearing of motion previously made, which granted motion vacating an award in arbitration.

*Jacob Gordon*, for H. P. Friedman.

*Benjamin Siegel* (*House, Grossman & Vorhaus, Moses H. Grossman* and *Alexander Rose*, of counsel), for Morris A. Friedman..

BIJUR, J.   This is a motion made on behalf of Morris A. Friedman for a rehearing on newly-discovered facts of a motion previously made on behalf of Harry P. Friedman and granted by me vacating an award in arbitration between said parties. The agreement of arbitration provided that the three arbitrators selected should determine the various controversies arising out of the previous business relations of the Friedmans and should also collect certain moneys derived from said business and apportion the same in connection with their final award.   Harry P. Friedman moved to vacate the award on the ground of improper conduct on the part of one of the arbitrators.   That motion was the one which I granted.   It is now urged on behalf of Morris A. Friedman that intermediate the motion to vacate an award and my decision thereof Harry P. Friedman accepted and deposited a check for $891.25, included in the award, and forwarded by the arbitrators to

him simultaneously therewith, and that having with full knowledge of all the facts accepted so much of the award as he regarded as favorable to himself he lost the right to attack the award. The common case is the loss of the right to appeal by accepting a benefit arising out of the judgment or order appealed from. *Bennett* v. *Van Syckel,* 18 N. Y. 481; *Knapp* v. *Brown,* 45 id. 207; *Carll* v. *Oakley,* 97 id. 633, citing *Radway* v. *Graham,* 4 Abb. Pr. 468; *Alexander* v. *Alexander,* 104 N. Y. 643; *Goepel* v. *Kurtz Action Co.,* 216 id. 343; *Hess* v. *Smith,* 16 Misc. Rep. 57; *Burhans* v. *Union Free School District,* 24 App. Div. 433; *Canary* v. *Knowles,* 41 Hun, 542; *Dambmann* v. *Schulting,* 6 id. 29. The general applications of this rule is not disputed, but counsel for Harry P. Friedman relies upon the claim that the acceptance of so much of the award as is due to him in any event cannot be regarded as a waiver of his right to object to the balance, citing *Kley* v. *Healy,* 127 N. Y. 561, and *Mellen* v. *Mellen,* 137 id. 606. It is a sufficient answer to this contention that no such condition exists in the present controversy. The arbitration agreement left the interests of the respective parties entirely to the arbitrators and neither was entitled to anything "in any event" thereunder. Whatever the result of the award, it arose exclusively from the action or determination of the arbitrators. Nor is the award separable from the payment. As a subsidiary contention counsel for Harry P. Friedman suggests that his acceptance of the check was inevitable as there was no one to whom he could return it, since the arbitrators were *functus officio* upon making the award. Assuming that this was an excuse for not returning the check, it furnished no ground for cashing it. I find no merit, however, in the claim that it could not be returned to the arbitrators themselves, because as to the money which they were authorized to collect they manifestly did not stand merely in the position of technical arbitrators, but were trustees or agents of the parties for its collection and custody, and so remained until the final disposition of the funds. Harry P. Friedman has made a counter motion to dismiss the present motion on the ground that by appealing from my order vacating the arbitration Morris A. Friedman has waived his right to move for reargument. I do not understand how it can be claimed successfully that a party by taking any previous action can be barred from bringing to the court's attention facts of which he was not aware at the time the previous action was taken. Moreover, the same point arose in *First National Bank of Union Mills* v. *Clark,* 42 Hun, 92, and it was there held that the plaintiff was not barred from an application to renew a motion because of a previous appeal, citing, among other authorities, *Belmont* v. *Erie R. Co.,* 52 Barb. 637, in which

Cardozo, J., went to the length of saying: " It is much more likely that, by moving for leave, and certainly by accepting the privilege, to have the original motion opened and heard anew, the defendant's appeal from the first order was waived." With the latter consideration, of course, I am not concerned. The general subject of election of remedies has been much discussed within recent years, and the tendency of the courts, illustrated by the early cases like *Terry* v. *Munger,* 121 N. Y. 167, to regard such election as final and conclusive, appears to be undergoing considerable modification. Illustrations of the more modern view will be found in the vigorous dissent in *United States* v. *Oregon Lumber Co.,* 260 U. S. 290, 302, and in the recent decision of our Court of Appeals in *Schenck* v. *State Line Telephone Co.,* 238 N. Y. 308, citing, among others, *Standard Oil Co.* v. *Hawkins,* 74 Fed. Rep. 395. The suggestion that an election or an act equivalent thereto, if the result of inadvertence or mistake, may possibly be excused is at least highly suggestive. Something to. the same effect was, no doubt, in the mind of the court in *Alexander* v. *Alexander, supra,* at page 646, where the opinion says: " The defendant does not claim that his act was inadvertent and without consciousness of the question it might raise." How far and to what extent relief might be granted in such a case need not be considered because it is not here presented. Under the circumstances the motion for a rehearing is granted, and upon such reargument and the affidavits submitted therewith the original order is vacated and the motion to confirm the award is granted. Settle order on notice.