■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD CASCIO, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered May 27, 1980, convicting him of bribery in the second degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial of defendant's motion to dismiss the indictment. Judgment reversed, on the law, motion to dismiss granted and matter remitted to Criminal Term for the entry of an order in its discretion pursuant to CPL 160.50. While periods of time attributable to appeals are excluded from the time chargeable to the People for purposes of determining whether a defendant's rights have been violated, CPL 30.30 (subd 4, par [a]) specifically provides that such periods be "reasonable". Under the facts of this case, the delay occasioned by the People's failure to perfect their appeal to the Court of Appeals was not reasonable and mandates a granting of the defendant's motion to dismiss the indictment. (See, e.g., *People v Fromen,* 308 NY 324.) Damiani, J.P., Titone, Mangano and Rabin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent v WILLIAM CRUZ DAVILA, Appellant. — Appeal by defendant, as limited by his motion, from resentence of the Supreme Court, Kings County, imposed December 20, 1979. Resentence affirmed. No opinion. Margett, J.P., O'Connor, Weinstein and Thompson, JJ., concur.