OPINION OF THE COURT
Herbert Kramer, J.
Defendant moves to dismiss his weapon possession indictment on the ground that his statutory right to a speedy trial has been violated because of the unreasonable delay by the People in perfecting their appeal (CPL 30.30).
For the purposes of this decision the court adopts the factual allegations contained in the affidavit of Assistant District Attorney Ann Bordley.
On March 7, 1984, a Mapp hearing was conducted by this court, and on March 13, 1984, by memorandum decision, the motion to suppress the gun was granted. On April 16, 1984, the People filed a notice of appeal (CPL 450.20 [8]) and a statement that without the suppressed evidence it would be unable to proceed to trial (CPL 450.50).
On January 8, 1985, the People received the minutes of the hearing, and in July 1985, the People’s brief "was completed”. However, a copy of the order (if, in fact, any order was ever issued) suppressing the evidence could not be located. On September 12, 1985, the People moved to settle the suppression order, and on October 11, 1985, the order was signed. On October 16, 1985, the People filed a superseding notice of appeal and statement. On October 17, 1985, the People filed their appellate brief and record on appeal.
The appeal has not yet been decided by the Appellate Division.
STAY
Does a defendant’s motion to dismiss an indictment pursuant to CPL 30.30 constitute a "prosecution of the accusatory instrument” under CPL 450.50 (2)?[1]
Nisi prius courts have recognized that during the pendency of an appeal to the Appellate Division, lower courts may *643 entertain the People’s motion to resettle the appealed order (People v Simmons, 86 Misc 2d 737, affd 54 AD2d 624), motions to reargue the appealed order (Matter of Van Vleck v Klein, 50 Misc 2d 622; Matter of Friedman, 123 Misc 809, revd on other grounds 215 App Div 130), and a motion by defendant for bail and dismissal of an indictment on the ground of failure to prosecute (People v Pounds, 63 Misc 2d 818 [Mollen, J.], revd on other grounds 35 AD2d 969). The underlying rationale of these cases is that if the Legislature had desired to remove jurisdiction from the lower court over the indictment, it could have adopted language to that effect (People v Simmons, 86 Misc 2d 737, 740, supra).
Further, CPL 450.50 has been described as a "statutory double jeopardy provision” (Matter of Forte v Supreme Ct. of State of N. Y., 62 AD2d 704, 713, affd 48 NY2d 179). This section prohibits the District Attorney from prosecuting a matter in which they have stated that without the evidence the People will be unable to proceed to trial. However, it does not bar actions by the defendant.
Also, CPL 460.40 states that the taking of an appeal does not stay the proceedings.
The court therefore concludes that the defendant is not barred from making a motion to dismiss an indictment pursuant to CPL 30.30
JURISDICTION
The People argue that only the Appellate Division can decide whether the delay in perfecting an appeal is reasonable.
The confluence of CPL 30.30 (1) (stating that the motion must be in accordance with CPL 210.20 [1] [g]); CPL 210.20 (1) (stating that a superior court hears a motion to dismiss); CPL 10.10 (2) (a) (defining a superior court as the Supreme Court) and CPL 30.30 (4) (a) (exempting reasonable delays for appeals) leads inextricably to the conclusion that the Supreme Court, not the Appellate Division, must, as an original matter, decide a motion made pursuant to CPL 30.30. Lacking statutory authority to decide the motion to dismiss pursuant to CPL 30.30, the Appellate Division cannot entertain such motion, or any aspect thereof (People v Douglass, 60 NY2d 194; Matter of Morgenthau v Roberts, 65 NY2d 749).
Since the statute contemplates that a CPL 30.30 motion be made in the Supreme Court and a part thereof is the reason *644 ableness of appellate delay, the statute authorizes this court to make such a determination.
Policy reasons dictate that the Supreme Court determine the reasonableness of appellate delay, particularly in cases of unreasonable failure to file the notice of appeal. In this case, a hearing will be necessary and the Appellate Division is ill-equipped to conduct such hearing (see, e.g., People v Ramos, 108 AD2d 209). Also, at this type of hearing, periods before the taking of appeal may be necessarily included, and the Appellate Division lacks jurisdiction over those periods.
It is beyond dispute that the Appellate Division does not have jurisdiction over any period prior to the filing of the notice of appeal. In this case, there is an issue whether the period from April 16, 1984 — October 16, 1985 is a pre or postnotice of appeal period. If there was no order, there was no right to appeal, and the "alleged” notice filed is void. Thus, this period may well be a prefiling period over which the Appellate Division lacks jurisdiction.
In addition, in People v Cascio (80 AD2d 922), both the lower court and the Appellate Division determined the reasonableness of a delay by the People in perfecting an appeal to the Court of Appeals. Neither court felt that only the Court of Appeals could make such a determination.
For all of the foregoing reasons, the court finds that the "superior court” is the proper forum for raising the issue of the reasonableness of the delay by the People in perfecting their appeal to the Appellate Division.
REASONABLENESS OF THE DELAY BY THE PEOPLE
The People argue that as a matter of law since the Appellate Division has not dismissed the appeal any delay is reasonable.
Of course, if the alleged filing on April 16, 1984 is void and has no legal effect, then the delay between April 16, 1984 and October 16, 1985 would not be within any implied reasonableness ruling that the Appellate Division may have made by not dismissing the appeal.
Further, there are different considerations on a CPL 30.30 motion than on a motion to the Appellate Division to dismiss an appeal for delay in perfecting an appeal. In considering whether to dismiss an appeal, the Appellate Division considers prejudice to respondents, the work load of appellant, the rights of the parties, and the interest of justice. These factors *645 are not identical to those considered in a CPL 30.30 motion. On a CPL 30.30 motion, the court considers the complexity and the uniqueness of the issue presented on appeal (People v Dean, 45 NY2d 651; see also, People v Rarback, 40 NY2d 922) and considers the rules of the Appellate Division regarding any time limits for perfecting an appeal. A hearing, therefore, shall be ordered.[2]
LEGAL ISSUES
In addition to the factual issues, counsel shall be given the opportunity to address the following legal issues:
1. Is delay caused by a court stenographer chargeable to the People? In People v Lawson (112 AD2d 457) the Appellate Division, Third Department, held that where a defendant requests a transcript, the delay caused by the court stenographer is excludable. Does the fact that, in Lawson, defendant requested the transcript and here, the People requested the transcript, alter the result?
2. Is the position taken by the Appellate Division, Second Department, different from that of the Appellate Division, Third Department, in Lawson? (People v Sims, 59 AD2d 546; People v Cahill, 54 AD2d 938; People v Wallace, 100 AD2d 634, appeal dismissed 63 NY2d 1035).
3. Is the factual situation in this matter analogous to that of People v Brothers (50 NY2d 413)? Is the People’s failure to have a suppression order signed the equivalent to not being ready?
4. Is the failure by the defendant to move in the Appellate *646 Division to dismiss the People’s appeal the equivalent of a consent under CPL 30.30? (See, People v Gaggi, 104 AD2d 422, appeal dismissed 65 NY2d 636; People v Brown, 113 AD2d 812.)
The court directs that a hearing be conducted on April 4, 1986, at 2:00 p.m. on the above issues. At that time both sides shall also be free to address the issue of whether defendant’s constitutional right under the Federal Constitution or the State Constitution have been violated and whether any rights under CPL 30.20 have been violated. Defendant is directed to appear in court on April 4, 1986, at 2:00 p.m.

. CPL 450.50 (2) states as follows: "The taking of an appeal by the people, pursuant to subdivision eight of section 450.20, from an order suppressing evidence constitutes a bar to the prosecution of the accusatory instrument involving the evidence ordered suppressed, unless and until such suppression order is reversed upon appeal and vacated.”

. At the hearing the People shall be required to prove the following issues of fact:
1. What actions were taken by the People between March 7, 1984 and January 9, 1985?
2. When did the People first request that the minutes of the Mapp hearing be transcribed?
3. How long did it take to transcribe the minutes, and why it took as long as it did?
4. What actions were taken between January 9, 1985 and July 1985, to expedite the submission of the appellant’s brief?
5. What was the basis for the People’s records to reflect that the court had signed an order as early as March 26, 1984?
6. What caused the delay between July 1985 and September 12, 1985, in perfecting a motion to settle the order to suppress the evidence?
7. The District Attorney shall also be required to prove the allegations in the affidavit submitted in opposition to the instant motion.