■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES C. GRAFTON, Appellant.—Judgment affirmed. Memorandum: Defendant was indicted in December 1983 for first degree rape and first degree assault. An order dismissing that indictment for prosecutorial misconduct was modified on appeal to permit resubmission to a new Grand Jury *(People v Grafton,* 115 AD2d 952). Following a second indictment defen-

dant moved for dismissal on the ground that his statutory right to a speedy trial had been violated (CPL 30.30). The trial court denied defendant's motion and, after a nonjury trial, found defendant guilty as charged. On appeal defendant contends that the court erred in denying his motion pursuant to CPL 30.30; that the People failed to disprove his alibi defense beyond a reasonable doubt; and that he should have been adjudicated a youthful offender. We find no merit to defendant's arguments.

The People filed a notice of appeal from the order dismissing the first indictment on February 20, 1985. According to the Appellate Division Rules, the appeal should have been perfected by April 20 (Rules of App Div, 4th Dept, 22 NYCRR 1000.5 [b] [2]). When the People failed to perfect their appeal by that date, defendant moved to dismiss the appeal. The People opposed the motion and requested an extension of time to perfect the appeal until August 30, 1985. The appeal was perfected on that date. Defendant now contends that the period from April 20, when the appeal should have been perfected, to August 30, when it was perfected, is not an excludable period pursuant to CPL 30.30 (4). We disagree. Although it is true, as the dissenter remarks, that the factors to be considered on a motion pursuant to CPL 30.30 are different from those determining the reasonableness of an appellant's request for an extension, we believe that our order granting the People an extension of time to perfect their appeal (Rules of App Div, 4th Dept, 22 NYCRR 1000.3 [a] [1]), constitutes a finding by this court that the time requested was reasonable. Since CPL 30.30 (4) provides for the exclusion of a reasonable period of time to take an appeal, we find the factors to be interrelated. It would be inconsistent for this court to grant an order of extension upon a determination that the time requested was reasonable and subsequently to hold that it was unreasonable for purposes of CPL 30.30. We therefore find that the entire time in which the appeal was pending is excludable for purposes of CPL 30.30.

With respect to defendant's alibi proof, we find that it was disproved beyond a reasonable doubt. The testimony of the alibi witnesses was equivocal and inconsistent and in conflict with defendant's own testimony and with his statements to the police.

We find further that the court did not abuse its discretion in refusing to grant defendant youthful offender status. In view of the seriousness of the crime, the court was well within its broad discretion in denying such relief.

All concur, except Pine, J., who dissents and votes to reverse and dismiss the indictment, in the following memorandum.

Pine, J. (dissenting). I must dissent, as I disagree with the majority's position that, in order to avoid inconsistency, a finding by this court that the People provided a "sufficient ground for an extension" (Rules of App Div, 4th Dept, 22 NYCRR 1000.3 [a] [1]) must be equated with "a reasonable period of delay resulting from * * * appeals" (CPL 30.30 [4] [a]). I would hold that the People failed to meet their burden of proof that the period from April 20, when the appeal should have been perfected, to August 30, when it was perfected, was a reasonable period of delay for CPL 30.30 purposes. I would charge the People with that 132-day delay, with the result that the People would be well over the six-month limit, so that the judgment would be reversed and the indictment dismissed.

The majority adopts the People's argument, raised for the first time on appeal, that our refusal to dismiss the People's appeal constitutes prima facie evidence of reasonableness for CPL 30.30 purposes. In adopting that argument, the majority ignores the obvious difference in language between the two provisions, and the significant differences between the considerations relevant to the two determinations (cf., People v Banks, 59 AD2d 649; see also, People v Green, 131 Misc 2d 641, 644-645). While in some cases the reasons offered by the People for the delay may be sufficient for both purposes, here they are not.

It is beyond argument that a delay may be determined by a court to be reasonable for certain purposes but not for others. For instance, a court may grant an adjournment at the People's request, but that delay subsequently may be chargeable to the People on a CPL 30.30 motion. The inquiry for CPL 30.30 purposes would be whether the defendant consented to the delay (CPL 30.30 [4] [b]; People v Meierdiercks, 68 NY2d 613). In addition, a delay may be reasonable for CPL 30.20 purposes but not for CPL 30.30 purposes (see generally, People v Anderson, 66 NY2d 529). This issue should be examined in light of the reasons offered by the People for the delay, to determine whether they satisfy CPL 30.30 requirements. The People's only justification for the delay in this record is in the People's response to defendant's earlier motion to dismiss the appeal. The People argued then that plea negotiations had occurred, and catalogued the heavy work load of the Appeals Bureau. With respect to plea negotiations, defendant's attor-

ney averred without contradiction that these consisted of, at most, parts of three telephone conversations consuming a maximum of 15 minutes over a five-day period. Thus, the time consumed in plea negotiations is minimal. With respect to the People's work load, it is well established that shortage of prosecutorial resources is not an acceptable excuse under CPL 30.30 (4) (g) for failure to comply with CPL 30.30 time limits *(see, People v Brothers,* 50 NY2d 413). I see no reason why it should be acceptable under CPL 30.30 (4) (a). (Appeal from judgment of Supreme Court, Erie County, Doyle, J.—rape, first degree, and assault, first degree.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.