■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GERALD GREEN, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County (Kramer, J.), dated October 9, 1986, which, after a hearing, granted the defendant's motion to dismiss the indictment pursuant to CPL 30.20 and 30.30.

Ordered that the order is affirmed.

We must decide if an 18-month delay from the People's filing of a notice of appeal to the perfection of the appeal was reasonable. Under the circumstances of this case, we find that that delay was not reasonable.

The defendant was arrested on February 18, 1982, for criminal possession of a weapon, and by indictment No. 1398/82 he was charged with criminal possession of a weapon in the third degree. The People announced their readiness to try the case at the arraignment of the defendant on the indictment. A hearing on the suppression of the gun was held on March 7, 1984, and the gun was suppressed. On April 16, 1984, the People simultaneously served a notice of appeal and a statement pursuant to CPL 450.50 in which they indicated they could not successfully prosecute the indictment without the suppressed evidence.

We are not concerned with any period of delay prior to the filing of the notice of appeal because the People announced that they were ready for trial on the defendant's arraignment on the indictment and the defendant did not object to any delay prior to that announcement of readiness (see, CPL 30.30 [4] [b]; *People v Berkowitz,* 50 NY2d 333, 348; *People v Gaggi,* 104 AD2d 422, 423, *appeal dismissed* 65 NY2d 636, *rearg denied* 65 NY2d 1054). What is involved in this case is postreadiness delay by the People (see, *People v Anderson,* 66 NY2d 529).

When the notice of appeal from the suppression order was served, there was an internal policy of the District Attorney's office not to assign People's appeals to an appeals Assistant District Attorney unless there was a "particularly unusual reason". This policy was part of an over-all policy of giving priority to the preparation of respondents' briefs where the defendant was incarcerated. The claimed justification for the policy was a large, unexpected increase in the Appeals Bureau's workload during the 1983-1984 appellate year. It was contended that even with the enlistment of assistants from other bureaus, there were not enough personnel to perfect People's appeals.

Pursuant to that policy of the District Attorney's office, the People's appeal in this case was not assigned to an Assistant District Attorney until November 15, 1984, seven months after the notice of appeal was served. At that time, this appeal was first assigned to an Assistant District Attorney in the Appeals Bureau after inquiries were made by the Administra-

tive Judge of Supreme Court, Kings County, as to the status of the case. The brief was completed in July 1985 and filed October 17, 1985.

On October 29, 1985, the defendant moved to dismiss the indictment pursuant to CPL 30.30. In response, the People relied on CPL 30.30 (4) (a) which in pertinent part provides

"In computing the time within which the people must be ready for trial * * * the following periods must be excluded:

"(a) a reasonable period of delay resulting from * * * appeals".

At the hearing on the motion, the People outlined the reasons and application of their policy in regard to People's appeals and how that policy was applied in this case. An Assistant District Attorney testified that People's appeals were given a low priority unless there were unusual circumstances. There was no testimony as to what unusual circumstances would warrant earlier assignment of one appeal as opposed to another. Their claim is that because of a work overload of appeals involving incarcerated defendants and a personnel shortage, such a policy was needed and therefore reasonable. A similar argument, i.e., work overload and shortage of personnel, has been rejected by this court as an exceptional circumstance meriting exclusion of periods of delay under CPL 30.30 (4) (g) *(People v Warren,* 85 AD2d 747).

The hearing court held that the delay in perfecting the appeal was not reasonable, and dismissed the indictment.

The effect of the CPL 450.50 notice filed with the notice of appeal was to announce that the People would not be ready until and unless the suppression order was reversed. It was incumbent on the People to show that the time it took to perfect the appeal did not violate defendant's statutory speedy trial rights *(People v Pappas,* 128 AD2d 556, 559).

This court has by 22 NYCRR 670.20 (g) determined that: "[A] criminal appeal shall be deemed abandoned * * * unless the record, briefs, and note of issue are served and filed within nine months after the date of filing of the notice of appeal, unless, for good cause shown, an order shall have been entered on motion therefor extending such time. The clerk is authorized to enter an order of dismissal of all appeals deemed abandoned upon receipt of a letter request from respondent". While it is true, as the People point out, that our rule is not self-executing, the clear meaning of the rule is that their appeals should be perfected within nine months. If this is not possible, an application for an enlargement of time to

perfect should be made. An internal policy of the District Attorney that fails to take into account the responsibility of that office to provide a speedy trial under CPL 30.30 and the rules of appellate courts is not reasonable *(see, People v Cascio,* 80 AD2d 922).

Accordingly, the order appealed from is affirmed. Thompson, J. P., Brown, Eiber and Sullivan, JJ., concur.