OPINION OF THE COURT
Irving Rosen, J.
*595 The defendant, Marcus Scott, was charged on June 21, 1995 in a felony complaint with criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]) and possession of ammunition (Administrative Code of City of NY § 10-131 [i] [3]). A ballistics report revealed that the weapon was inoperable due to a bent bolt, missing bolt plunger and improper bolt spring. On June 26, 1995 as a result of a ballistics report that the firearm was inoperable the People made an application to reduce the felony weapons possession charge to criminal possession of a weapon in the fourth degree (Penal Law § 265.01) which was granted and the accusatory instrument was deemed an information.
The factual portion of the accusatory instrument, insofar as relevant herein, reads as follows:
"P.O. Alfred Conti of 47th Pet., Shield 12582 says that on or about June 20, 1995 at approximately 11:45 P.M., at Corner of East 226th Street and Barnes Avenue, County of the Bronx, State of New York * * *
"Deponent states that, at the above time and place, the deponent observed defendant to have in his waistband area one .357 Magnum Revolver serial # KE437086 and that said gun was loaded with 6 live rounds consisting of six metal castings each topped by a metal bullet.
"Deponent further states that defendant did not posses [sic] a valid permit for said gun.”
The defendant then moved, inter alia, for an order dismissing the charge of criminal possession of a weapon in the fourth degree (Penal Law § 265.01) on the grounds of facial insufficiency. The People opposed this application arguing that the allegations of the accusatory instrument supported a charge of attempted criminal possession of a weapon in the fourth degree. By decision and order dated September 19, 1995, the court (Espinoza, J.), notwithstanding the fact that it found the reasoning of a court of concurrent jurisdiction to be persuasive (People v Todd, 153 Misc 2d 579), felt itself constrained to follow the ruling of the Appellate Term, First Department, in People v Monroig (NYLJ, Mar. 25, 1994, at 25, col 1), and granted defendant’s motion to dismiss said charge. The People thereafter filed a notice of appeal and moved to reargue. By decision and order dated November 14, 1995 the court (Espinoza, J.) denied the motion. The minutes furnished to the court by the People establish that on each adjourned date subsequent to the parties’ receipt of a copy of Judge Espinoza’s decision and order denying reargument the People informed the court that *596 there was an appeal pending. The People have perfected their appeal and are presently awaiting the hearing of the appeal and a decision thereon.
The defendant has moved via notice of motion dated September 6, 1996 to dismiss the remaining count of the accusatory instrument on statutory and constitutional speedy trial grounds and for other ancillary relief. It should he noted at the outset that the court held a conference with counsel for both parties on February 13, 1997 seeking to more clearly define the contentions of the parties. At that conference the defendant’s counsel stated that he was not contesting the People’s diligence in perfecting the appeal. On February 28, defense counsel served a notice of motion dated February 27, 1997 seeking the same relief requested in his notice of motion dated September 6, 1996 expanding upon his speedy trial application and including a claim of extraordinary delay by the People in perfecting their appeal. These motions are deemed consolidated by the court for the purpose of this decision which addresses the issues and arguments contained in both defense motions.
THE STATUTORY SPEEDY TRIAL CLAIM
A. Chargeability During An Appeal
The main issue raised in the motion papers is whether the People are chargeable under CPL 30.30 for not proceeding to trial on the remaining count on the docket or whether they may await the outcome of their appeal of the dismissed charge before proceeding to trial on the remaining count of the docket.
In essence the court is being asked to interpret that portion of CPL 30.30 (4) (a) which provides, inter alia, that:
"4. In computing the time within which the people must be ready for trial pursuant to subdivisions one and two, the following periods must be excluded:
"(a) a reasonable period of delay resulting from other proceedings concerning the defendant, including but not limited to * * * appeals”.
The general purpose of CPL 30.30 is to promote the prompt resolution of criminal charges. It is not a speedy trial statute in the constitutional sense and addresses only the problem of prosecutorial readiness for trial. (People v Anderson, 66 NY2d 52.) Its "main thrust” is to require the prosecution to be prepared within a reasonable time in all but the unusual case. (People v Berkowitz, 50 NY2d 333.) Legislative intent is *597 ascertained from the words and language used in the statute. When the language thereof is clear and unambiguous the court must utilize the natural and commonsense meaning of the language while giving import of each word used. (McKinney’s Cons Laws of NY, Book 1, Statutes §§ 92, 94.) Based upon the unambiguous language of the statute the court concludes that the exclusion of "appeals” for speedy trial purposes contained in CPL 30.30 (4) (a) grants the People the right to await the outcome of their appeal as long as said appeal is perfected in a reasonable period of time. The court also notes that it is a general rule of construction that statutes giving the right of appeal are always liberally construed in favor of the party seeking a review. (McKinney’s Cons Laws of NY, Book 1, Statutes § 326.) Furthermore, there is precedent permitting the People to await the outcome of an appeal. (See, People v Dean, 45 NY2d 651, where the delay attributable to an appeal by a defendant in a related case which could have directly affected the case at bar, was excluded from speedy trial calculations.) In People v Dean (supra, at 658) the Court stated that "[t]he appeal involved an unusual case of first impression which, if decided in defendant’s favor, could well have warranted the dismissal of the remaining indictments against him. The prosecutor was entitled to await the outcome of the appeal before subjecting both the defendant and his office to the expense and travail of a trial which might well have proved to be futile. In the unique situation that existed here the elapsed time during the pendency of a related appeal that would directly affect the validity of this indictment is excluded from the computations of CPL 30.30 (People v Rarback, 40 NY2d 922).”
Additionally, the interests of judicial economy militate in favor of awaiting the outcome of the appeal. A trial on the remaining count on the docket prior to a determination of the People’s appeal creates the potential, in the event the People’s appeal is successful, for subjecting the People and the defendant to the costs and hardships of a second trial (which in the case at bar are inextricably woven in that the proof required necessitates the calling of the exact same witnesses for the People [the ballistics expert who tested both the firearm and the ammunition and the police officer who allegedly observed the firearm in defendant’s waistband] and the defense), motion practice and/or an appeal concerning claims that the People were barred from proceeding on the grounds of collateral estoppel or double jeopardy, and inconsistent verdicts. In consider *598 ing the legislative purpose behind CPL 30.30, particularly under the circumstances of this case, it would be perverse to believe that the Legislature contemplated that speedy trial would continue to run. Such an irrational purpose cannot be ascribed to the Legislature and accepted by the court.
B. The Time Taken To Perfect The Appeal
As a matter of law, the People are entitled to a reasonable period to perfect their appeal. (People v Grafton, 73 NY2d 779, affg 136 AD2d 960; People v Aaron, 201 AD2d 574.) When there is an unreasonable period of delay in perfecting the appeal then the People are chargeable with said delay. (People v Holmes, 206 AD2d 542; People v Green, 139 AD2d 760.) The defendant contends that the People took an extraordinary period of time to perfect the appeal and characterizes the delay by the People as an "office failure” without further articulation (despite a detailed account proffered by the People) or recitation of case law. The court finds that the People were entitled to await a decision by the court of their reargument motion before seeking to perfect their appeal. Furthermore, notwithstanding that it would have been better practice for the People to have previously moved in the Appellate Term for an order enlarging their time to perfect their appeal, the People perfected their appeal within a reasonable time under the circumstances specified in their opposition papers which are similar to those advanced in People v Agran (docket No. 92X028383), where the Appellate Term of the Supreme Court, First Department, granted the People’s motion for an enlargement of time to perfect their appeal. (See, People v Grafton, 136 AD2d 960, 961, affd 73 NY2d 779, supra, where the Court held that an order granting the People an extension of time to perfect their appeal constitutes a finding by the Court that the time requested was reasonable under CPL 30.30.)
THE CONSTITUTIONAL SPEEDY TRIAL CLAIM
In order to evaluate whether a defendant’s constitutional right to a speedy trial has been denied the court must consider the following factors: "(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay.” (People v Taranovich, 37 NY2d 442, 445.) The making of this assessment is a balancing process where "no one factor or *599 combination of the factors * * * is necessarily decisive or determinative”. (People v Taranovich, supra.) Upon consideration of the aforementioned relevant factors the court concludes that the defendant’s constitutional speedy trial rights were not abridged. There is no evidence in the record that the defendant has been subjected to an extended period of pretrial incarceration (the docket indicates that the only period for which the defendant was in custody commenced when the defendant was arrested on June 20, 1995 and continued until bail was posted on June 22,1995) and the defendant has not alleged any prejudice or impairment of his defense as a result of the delay.
CPL 30.30 TIME COMPUTATIONS
June 21, 1995-June 26, 1995
On June 21, 1995 the defendant was arraigned on a felony complaint. Bail was set and the case was adjourned to June 26, 1995, the CPL 180.80 date. On June 26, 1995 the felony complaint was replaced with a misdemeanor complaint (the highest count being a class A misdemeanor) and converted into an information by the filing of a ballistics report. Pursuant to CPL 30.30 (5) (c) the replacement of a felony complaint with an instrument containing less serious misdemeanor charges restarts the speedy trial clock unless the time that elapsed from the filing of the original felony complaint to the filing of the new instrument, when combined with the period applicable to the new, lesser charges, exceeds six months. Since the combined period does not exceed six months this adjournment period is excludable.
June 26, 1995-August 10, 1995
On June 26, 1995 the court set a motion schedule. This period of time is excludable pursuant to CPL 30.30 (4) (a).
August 10, 1995-September 25, 1995
On August 10, 1995 the defendant’s motion was submitted and adjourned to September 25, 1995 for decision. This period of time is excludable pursuant to CPL 30.30 (4) (a).
September 25, 1995-November 14, 1995
On September 25, 1995 the parties were notified of the decision rendered by the Honorable Laura Safer-Espinoza on defendant’s motion. The People announced that they were *600 ready and the case was adjourned to November 14, 1995. On October 18, 1995 the People moved to reargue Judge Espinoza’s decision. This period of time is excludable due to the People’s announced readiness and the pendency of their reargument motion pursuant to CPL 30.30 (4) (a).
November 14, 1995-January 9, 1996
On October 18, 1995 the People filed a notice of appeal and moved to reargue Judge Espinoza’s decision. On November 14, 1995 the People announced that they were ready. Defense counsel requested an adjournment to investigate whether a response to the reargument motion was necessary. The court adjourned the case to January 9, 1996. This period of time is excludable pursuant to CPL 30.30 (4) (a), (b).
January 9, 1996-February 15, 1996
On January 9, 1996 the parties were notified of the decision rendered by the Honorable Laura Safer-Espinoza on the People’s reargument motion. The People announced that they were ready. Defense counsel requested an adjournment. The court adjourned the case to February 15, 1996. This period of time is excludable pursuant to CPL 30.30 (4) (a), (b).
February 15, 1996-March 7, 1996
On February 15, 1996 the People announced that their officer was not available today. Thereafter the following colloquy ensued between the court and defense counsel:
"the court: The People are appealing so you want to wait to see?
"mr. Raymond: Yes.” (Transcript of court minutes of Feb. 15, 1996, at 2-3.)
The case was then adjourned to March 7, 1996. The court views the above-quoted colloquy as a consent by defense counsel to hold all pretrial proceedings in abeyance pending the outcome of the appeal. Consequently, this period of time is excludable pursuant to CPL 30.30 (4) (b).
March 7, 1996-September 10, 1996
On March 7, 1996 the People requested a long adjourned date because of the pending appeal. The court adjourned the case to September 10, 1996. For the reasons previously stated in this opinion the People have a right to await the outcome of their appeal. Consequently, this period of time is excludable pursuant to CPL 30.30 (4) (a).
*601 September 10, 1996-January 29, 1997
On September 6, 1996, the defendant served a motion returnable on September 24, 1996 on the People seeking dismissal of the docket on speedy trial grounds and for other ancillary relief. The defendant asserts that: the People’s answer to defendant’s motion was not effectively received until January 29, 1997; the People are responsible for this delay; and the People should be charged the time period from September 24, 1996 through January 29, 1997. No specificity of these allegations is provided by the defendant and the record demonstrates that this claim is baseless. The court docket indicates that this case was calendared for September 10, 1996. A transcript of the minutes of the September 10, 1996 court appearance furnished to the court by the People reveals that the defendant did not inform the court that they had made a motion returnable later that month and, further, no request was made to the Court to adjourn the case to coincide with the return date of defendant’s motion. Consequently, the case was adjourned to a date well beyond the return date of defendant’s motion. The People’s opposition papers contain an affidavit of service that they were mailed to defendant’s counsel on September 23, 1996. The People’s opposition papers also contain a court time stamp which indicates that it was filed with the court on September 24, 1996 at 9:27 a.m. It is incumbent upon the movant, particularly when the motion is made returnable on a date other than a date previously scheduled by the court, to appear on the return date on his or her motion, ascertain whether the case and motion appear on the court’s calendar and if it does not to take appropriate steps to locate the motion papers so that they may be properly submitted to the court. There is nothing in the record or motion papers to indicate that the defendant’s counsel appeared on the date he made his motion returnable or that he took any steps whatsoever to see that his motion was properly submitted to the court on September 24, 1996. Any delay in the submission of this motion to the court is attributable solely to the defense and is not chargeable to the People.
On September 10, 1996 the People informed the court that the appeal was still pending. The court adjourned the case to January 29, 1997.
January 29, 1997-April 24, 1997
On January 29, 1997 the motion was deemed submitted and adjourned to April 4, 1997 for decision. On April 4, 1997 the *602 court on its own motion adjourned the case to April 24, 1997 for decision on the motion. This time period is excludable pursuant to CPL 30.30 (4) (a).
RESERVATION OF RIGHTS
The branch of defendant’s motion to reserve the right to make additional motions is denied without prejudice subject to a showing of good cause. (See, CPL 255.20 [3].)
CONCLUSION
Accordingly, since the court has determined that no time is chargeable to the People the defendant’s motions to dismiss the accusatory instrument are denied in their entirety.