PEOPLE v. CIMINO.

(Supreme Court, Appellate Division, Second Department. June 12, 1914.)

1. CRIMINAL LAW (§ 922*)—NEW TRIAL—GROUNDS.

The county court has jurisdiction to entertain and grant a motion by accused for a new trial after conviction because of an erroneous instruction of law, as provided by Code Cr. Proc. §§ 463, 465, and subdivision 5 thereof.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2210–2218; Dec. Dig. § 922.*]

2. CRIMINAL LAW (§ 959*)—NEW TRIAL—MOTIONS—REHEARING.

The power of the court to hear a motion by accused for a new trial implies power to rehear or grant a reargument thereof, and on such reargument to modify or reverse its previous ruling.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2406–2411; Dec. Dig. § 959.*]

3. CRIMINAL LAW (§ 964*)—ORDER GRANTING NEW TRIAL—RES JUDICATA.

An order granting a motion by accused for a new trial is not a judgment, and has no elements of a judgment within the principle of res judicata, so as to deprive the court of power to modify it on rehearing.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2419, 2420; Dec. Dig. § 964.*]

Appeal from Kings County Court.

Erminio Cimino was convicted of abduction, and from an order modifying an order granting a new trial, and denying it as to accused's conviction of abduction, he appeals. Affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before JENKS, P. J., and BURR, CARR, STAPLETON, and PUTNAM, JJ.

Samuel Wechsler, of New York City, for appellant.

Harry G. Anderson, Asst. Dist. Atty., of Brooklyn (James C. Cropsey, Dist. Atty., and Edward A. Freshman, Asst. Dist. Atty., both of Brooklyn, on the brief), for the People.

JENKS, P. J. The defendant without demurrer came to trial in the county court upon an indictment which contained three counts, for an attempt to commit rape in the second degree, for assault in the second degree, and for abduction, respectively. The verdict is guilty of attempt to commit rape and of abduction. The court granted the defendant's motion for a new trial, and entered an order therefor, but upon a reargument granted the motion only as to the conviction for the attempt to commit rape in the second degree, denied it as to the abduction, and entered an order accordingly. Judgment was thereupon entered, and the defendant was sentenced for the crime of abduction.

[1] A contention of the defendant is that the county court was powerless in the premises to reconsider this motion. There is no question of the power of that court to entertain the motion, and to grant it for an erroneous instruction of law. Sections 463, 465, and subdivision 5 thereof, Code of Criminal Procedure. A reading of the two opinions of the court indicates that it thought that it had made legal error in an instruction, which affected a conviction on both of the said two counts, but on second thought it concluded that such error did not affect the trial so far as the crime of abduction was concerned.

[2] I think that the power to hear the motion implied the power to rehear it—to have a "reargument" thereof. In the leading case of Belmont v. Erie R. Co., 52 Barb. 637–651, the court, after a learned and thorough review of the authorities, thus expressed the principle:

"To sum it all up briefly, it is well settled that whatever can be done upon motion to the court may by the court, upon further motion, be altered, modified, or wholly undone."

See, too, Matter of Crane, 81 Hun, 96–99, 30 N. Y. Supp. 616; Riggs v. Pursell, 74 N. Y. 370, 379.

[3] It is quite true that these decisions are in civil cases, but I think that the reason of the principle obtains in a criminal case. There was neither a judgment nor the elements of a judgment in the decision as first announced and as first formally stated, for it dealt with a motion only; therefore the principle of res adjudicata could not have been invoked. Haskell v. Moran, 117 App. Div. 252, 102 N. Y. Supp. 388; Belmont v. Erie R. Co., supra; Veeder v. Baker, 83 N. Y. 163; Cruikshank v. Cruikshank, 30 App. Div. 381, 51 N. Y. Supp. 926. I am not inclined to follow Mathis v. State, 40 Tex. Cr. R. 316, 50 S. W. 368, cited to us by the learned counsel for the appellant. That court in its opinion says that its decision is one of first impression in that state, that it is unable to find any decisions in any other state bearing upon the question, but that it believed from "a reading of the statutes in connection with other provisions" that it was intended that the action of the court in granting a new trial "should be final." Some of the stat-

utes described in that opinion have no counterparts in this state, and I find nothing in our statutes, or in legal principles recognized in our state, that either expressly or impliedly forbade the procedure in this. case.

None of the other points raised requires our comment.

I advise that the judgment and second order be affirmed. All concur..