THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT L. LEMMONS, Appellant.— Appeal by defendant from a judgment of the County Court of Nassau County, convicting him of the crimes of burglary in the third degree and grand larceny in the second degree. On the burglary conviction he was sentenced to not less than ten and not more than twenty years, and on the grand larceny conviction to not less than five and not more than ten years, which sentences run concurrently. Judgment unanimously affirmed. The court did not commit error in exercising its power to change its ruling on the motion to dismiss the first count in the indictment from granting the motion to denying it. This action took place in the course of the trial and before the proceedings had come to an end. It was a proper exercise of the inherent power of the court to correct any errors in its own rulings, provided such correction be made before the termination of the trial or the proceedings. It is only in the event that an indictment or a count therein, or an information is dismissed, and such a ruling persists to and beyond the end of the proceedings or trial, that a defendant may be deemed to have been placed in jeopardy in the event that he is again charged with that same offense. There is no merit in the other claims of alleged error. Present — Lewis, P. J., Hagarty, Carswell, Johnston and Nolan, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LOUIS LERNER, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Queens, convicting defendant of the crime of selling an alcoholic beverage to a minor under the age of eighteen years, unanimously affirmed. Under the Penal Law (§§ 484, 2500), agency of the minor is not a defense. No change in the law was intended by the Legislature in enacting section 65 of the Alcoholic Beverage Control Law. Present — Lewis, P. J., Hagarty, Carswell, Johnston and Nolan, JJ.

MYRTLE REESE, as Executrix of DAVID F. REESE, Deceased, Respondent, v. JAMES PRINGLE, Defendant, and MILLER PLACE CORPORATION, Appellant.— In an action to foreclose a mortgage, the answer admits the substantive allegations of the complaint and asserts as a partial defense and counterclaim that under the terms of the mortgage agreement a part of the land should be released from the lien thereof. The demand for release was made after the principal indebtedness became due and remained unpaid. Order striking out appellant's answer and directing judgment as prayed for in the complaint, unanimously affirmed, with $10 costs and disbursements. (Clason's Point Land Co. v. Schwartz, 237 App. Div. 741.) The moratorium statutes (Civ. Prac. Act, § 1077-a et seq.) upon this record, do not require a holding that the terms of the release clause are enforcible by the mortgagor after the principal indebtedness became due and remained unpaid. Present — Hagarty, Acting P. J., Carswell, Johnston, Adel and Nolan, JJ. [See post, p. 897.]

CAROLINE SARGENT et al., Respondents, v. RICHARD W. BLACK, Defendant, and MINNA L. BLACK, Appellant.— In an action to reform a contract for the sale of real property and to recover the balance due on the purchase price, judgment in favor of plaintiffs unanimously affirmed, with costs. No opinion. Present — Hagarty, Acting P. J., Carswell, Johnston, Adel and Nolan, JJ.