Alexander Vitale, J.
The defendant Elias Paulides has moved to dismiss the indictment herein upon the ground that a final order of observation having been issued pursuant to *1062 CPL 730.40 (subd 2) it constitutes a bar to any further prosecution of the charges.
The defendant was arrested on August 8, 1975 and charged by felony complaint with the crime of assault in the second degree and by information with the misdemeanor of attempted escape in the second degree.
Subsequent thereto the defendant was examined pursuant to CPL 730.30 as to his ability to stand trial. On September 16, 1975 the District Court, with the consent of the District Attorney, granted the defendant a final order of observation on the grounds that the defendant was unable to stand trial. (See CPL 730.40, subd 1.)
Two days later, on September 18, 1975, the District Court, without notice to any of the parties, issued an amended order which stated that the defendant was to be held on a temporary order of observation in regard to the felony charges.
On January 8, 1976, the defendant, upon his release from hospitalization, appeared in the arraignment part of the District Court. Based on a representation by the District Attorney that a final order of observation had been issued, the case was dismissed.
The felony charges were later presented to the Grand Jury on February 24, 1976, and the defendant was indicted for the crimes of assault in the second degree, sexual abuse in the first degree and attempted escape in the second degree.
CPL 730.40 (subd 2) provides that where a final order of observation is granted, a local criminal court "must dismiss the accusatory instrument, filed in such court against the defendant and such dismissal constitutes a bar to any further prosecution of the charge or charges contained in such accusatory instrument.”
On the other hand, if a temporary order is issued, the District Attorney has the power to indict the defendant within six months after the expiration of the temporary order. (CPL 730.40, subd 5.)
This court must therefore determine if the District Court had the power to issue an amended order in the manner it did. If the final order of observation is still in effect, the indictment must be dismissed pursuant to CPL 730.40.
The People contend that the issuance of the final order of observation was an error which the District Court had the inherent power to correct.
*1063 An examination of case law in this area reveals that it is the proper exercise of the inherent power of a court to correct any errors in its own rulings, provided that such correction is made before the termination of the trial or the proceedings. (People ex rel. Imbruglia v Jackson, 8 AD2d 651, affd 9 NY2d 767; People v Lemmons, 270 App Div 828; People v Cimino, 163 App Div 217.) Where a charge is dismissed and such ruling persists to and beyond the end of the proceeding "a defendant may be deemed to have been placed in jeopardy in the event that he is again charged with the same offense.” (People v Lemmons, supra, p 828.)
CPL 730.40 (subd 2) clearly states that the issuance of a final order of observation "constitutes a bar to further prosecution of the charge or charges contained in such accusatory instrument.”
"The issuance of a 'final’ type order constitutes a final determination of the criminal action (subd. 2).” (Denzer, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 730.40, p 350.) It is therefore evident that the issuance of the final order effectively terminated the proceedings.
The People’s reliance on provisions in the CPLR is misplaced. Aside from the fact that the CPLR does not regulate criminal proceedings, it has been generally held in civil matters that a trial court has no jurisdiction to correct by amendment errors of substance affecting a judgment. (Herpe v Herpe, 225 NY 323, 325; Saleh v Karp, 13 AD2d 706, 707; Miltenberg & Samton v Falkingham, 273 App Div 631; First Nat. City Bank v Elsky, 62 Misc 2d 880; CPLR 5019, subd [a].) The amendment in the present case clearly involved a matter of substance, rather than a clerical error.
Further we would note that even if the District Court had the power to amend the final order, such order should have been formally vacated before a temporary order of observation could have been imposed. Moreover a court may not informally change the order in the absence of defendant’s counsel. (People v Nickens, 29 AD2d 557.)
The court concludes from the foregoing that the amendment occurred after the proceedings were finally terminated. The defendant was placed in jeopardy when the Grand Jury subsequently indicted him for the same acts. Therefore the court is compelled, under these circumstances, to grant the defendant’s motion to dismiss the indictment.