■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH LYNCH, Appellant.—Judgment of the Supreme Court, New York County (Dorothy J. Cropper, J.), rendered on August 19, 1987, which convicted defendant, following his plea of guilty, of manslaughter in the first degree and sentenced him to 3⅓ to 10 years' imprisonment, is unanimously affirmed.

The Supreme Court granted defendant's motion to dismiss the indictment and dismissed the second degree murder charge on the ground of lack of corroboration of the testimony of an unindicted accomplice. Thereafter, the People sought reargument at which time the court was advised of the existence of the testimony by a nonaccomplice witness which the Grand Jury had heard. The court, thus, concluded that the testimony "fairly and reasonably tend[ed] to connect the defendant with the commission of the crime" and reinstated the dismissed murder count. Defendant then pleaded guilty to manslaughter in the first degree. On appeal, defendant contends that the court lacked the authority to reinstate a dismissed count of an indictment. We disagree. In that regard, it should be noted that the trial court was empowered to grant reargument. CPL 210.20, relied upon by defendant, is simply inapplicable to the instant situation. Indeed, there is no statutory provision preventing a Trial Judge from rectifying its prior error by reinstating a dismissed indictment upon reargument. To foreclose such action would require the People to go before a second or perhaps third Grand Jury, each Grand Jury hearing the same evidence as the first. Further, where there is a clearly erroneous dismissal of an indictment or count thereof, it is unreasonable to foreclose a court from reconsidering its previous determination, and there is no indication that the Legislature intended to preclude the Judge from reinstating an indictment or dismissed count upon rear-

gument. Concur—Kupferman, J. P., Sullivan, Carro and Milonas, JJ.