■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON CONTRERAS, Also Known as IVAN MANCELBO, Appellant. [596 NYS2d 393] —Judgment, Supreme Court, Bronx County (Richard Price, J.), rendered March 27, 1990, which convicted defendant, after a nonjury trial, of criminal possession of a controlled substance in the first degree and two counts of criminally using drug paraphernalia in the second degree, and sentenced him to 17 years to life on the possession count and to a definite term of 1 year on each of the criminal use counts, all to run concurrently, unanimously modified, on the law and the facts, to the extent of vacating the conviction for criminally using drug paraphernalia under the second count of the indictment and otherwise affirmed.

The trial court properly reinstated the previously dismissed first count of the indictment for criminal possession of a controlled substance in the first degree. Upon reargument, the Judge was presented with a complete set of the Grand Jury minutes (which he had not seen before) and properly reinstated the first count of the indictment as he found that the Grand Jury was properly instructed as to the crime charged in the first count (see, People v Lynch, 162 AD2d 134, lv denied 76 NY2d 941).

The court correctly denied defendant's motion to suppress the narcotic evidence. As to the police officer's personnel file, the Judge reviewed it in camera and concluded that it did not warrant disclosure. There appears to be no abuse of discretion by the Judge in refusing to disclose the contents.

While defendant complains that his trial attorney failed to effectively represent him, the record clearly demonstrates that counsel's representation of defendant was meaningful and certainly adequate. While several of counsel's strategic decisions may not have proven successful, this is no reason, under the circumstances, to conclude that counsel's representation of defendant was ineffective (see, People v Rivera, 71 NY2d 705).

Finally, as the People concede, given that the second count of the indictment for criminally using drug paraphernalia was dismissed by the trial court, and was not reinstated, as was the first count of the indictment, the court improperly convicted defendant of that count. Accordingly, defendant's conviction for that count of the indictment is vacated. Concur—Sullivan, J. P., Rosenberger, Wallach and Kupferman, JJ.