■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DEBORAH AARON and PAUL LEITCH, Respondents. [607 NYS2d 950] —Appeal by the People (1) from an order of the Supreme Court, Kings County (Firetog, J.), dated January 9, 1992, which granted the defendants' motion to dismiss the indict-

ment for failure to comply with their statutory speedy trial rights, and (2) as limited by their brief, from so much of an order of the same court, dated March 24, 1992, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated January 9, 1992, is dismissed as that order was superseded by the order dated March 24, 1992, made upon reargument; and it is further,

Ordered that the order dated March 24, 1992, is reversed insofar as appealed from, on the law, the order dated January 9, 1992, is vacated, the motions are denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings on the indictment.

The Supreme Court erred in holding that the People had no right to take more than four months in perfecting their prior successful appeal (see, People v Aaron, 172 AD2d 842). On the contrary, the People had every right to take nine months and to assume that their compliance with the rules of this Court (see, 22 NYCRR former 670.20 [g]) would shield them from the charge of having unreasonably delayed the prosecution of this case (see, CPL 30.30 [4] [a]; see also, People v Grafton, 73 NY2d 779, affg 136 AD2d 960; People v Karp, 158 AD2d 378, 392 [dissenting opn], revd 76 NY2d 1006; cf., People v Green, 139 AD2d 760). As a matter of law, the People's perfection of their prior appeal within the time fixed by the rules of this Court constituted a reasonable delay within the meaning of CPL 30.30 (4) (a). Therefore, the defendants were not deprived of their right to a speedy trial. Ritter, J. P., Pizzuto, Friedmann and Goldstein, JJ., concur.