■ ANDREW REISMAN et al., Plaintiffs, v COLE L. COLEMAN, Defendant. (Matter No. 1.) In the Matter of AETNA CASUALTY & SURETY COMPANY, Appellant, v ANDREW REISMAN, Respondent. (Matter No. 2.) [641 NYS2d 690] —In a consolidated action/proceeding to recover damages for personal injuries, etc. (Matter No. 1), and pursuant to CPLR article 75 to confirm an arbitration award (Matter No. 2), the petitioner appeals from (1) an order of the Supreme Court, Kings County (Feinberg, J.), dated December 22, 1994, which, *sua sponte,* recalled and vacated an earlier order of the same court, dated September 26, 1994, which, *inter alia,* granted the petitioner's cross motion to modify and reduce the arbitration award to $50,000, and (2) an order of the same court, also dated December 22, 1994, which granted the respondent's motion to confirm the arbitration award of $100,000 and denied its cross motion.

Ordered that, on the Court's own motion, the appellant's notice of appeal from the order dated December 22, 1994, which *sua sponte* recalled and vacated the order dated September 26, 1994, is treated as an application for leave to appeal, and leave to appeal from that order is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the orders are reversed, on the law, with one bill of costs, and the order dated September 26, 1994, is reinstated.

It is well settled that a trial court has no revisory or appellate jurisdiction to vacate, *sua sponte,* its own order (*see,* CPLR

5019; *see also, Osamwonyi v Grigorian,* 220 AD2d 400). In this case, the parties agree that the Supreme Court exceeded its authority by, *sua sponte,* recalling and vacating its September 26, 1994, order, which, *inter alia,* granted the petitioner's cross motion to modify and reduce the arbitration award. The respondent contends, nevertheless, that the September 26, 1994, order is reviewable on appeal pursuant to CPLR 5501. We disagree. Under CPLR 5501 (a) (1), an appeal from a final judgment brings up for review "any non-final judgment or order which necessarily affects the final judgment * * * provided that such non-final judgment or order has not previously been reviewed by the court to which the appeal is taken" (CPLR 5501 [a] [1]). Here, the September 26, 1994, order was final and, thus, cannot be brought up for review on appeal from the later order (*see, Crystal v Manes,* 130 AD2d 979; *Acres v Hitchcock,* 77 AD2d 744, *lv denied* 53 NY2d 601; *cf., Burke v Crosson,* 85 NY2d 10).

In light of the foregoing determination, we need not consider the parties' remaining contentions. Bracken, J. P., Rosenblatt, Miller and Friedmann, JJ., concur.