■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL ROSA, Appellant. [696 NYS2d 138] —Judgments, Supreme Court, New York County (Alvin Schlesinger, J.), rendered December 20, 1995, convicting defendant, upon his pleas of guilty, of two counts of attempted criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 3½ to 7 years, unanimously affirmed.

Defendant's conviction was not jurisdictionally defective. The court properly reinstated a previously dismissed indictment upon defendant's specific recommendation and accepted defendant's guilty plea under the reinstated indictment. There is no constitutional impediment to a court's power to modify its decisions provided those modifications do not subject the defendant to double jeopardy (*Matter of Lionel F.*, 76 NY2d 747, *cert denied sub nom. Lionel F. v City of New York*, 498 US 923), and a court has the authority to reinstate an indictment upon reargument without the necessity of a new Grand Jury presentation (*People v Lynch*, 162 AD2d 134, *lv denied* 76 NY2d 941). In this case, reinstatement of the indictment on defendant's motion was the equivalent of reargument. Moreover, defendant's decision to withdraw his previous dismissal motion reflected his wish to withdraw his objection to the denial of his right to testify before the Grand Jury and to proceed on the original instrument in return for a favorable disposition.

We find nothing in the factual recitations in defendant's plea allocutions that cast any doubt on his guilt (*see, People v Toxey*, 86 NY2d 725). Concur—Rosenberger, J. P., Tom, Mazzarelli, Saxe and Buckley, JJ.