The People of the State of New York, Respondent, v Germaine V. Brown, Appellant. [775 NYS2d 700]—

Appeal from an order of the Niagara County Court (Peter L. Broderick, Sr., J.), entered February 4, 2003. The order vacated a prior order granting defendant's motion pursuant to CPL article 440 to vacate a judgment of conviction.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law and the order granted November 7, 2002 is reinstated.

Memorandum: County Court granted the motion of defendant pursuant to CPL 440.10 to vacate the judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06) on the grounds that his guilty plea was not voluntarily entered and he was denied meaningful representation of counsel at the plea proceeding because he was not advised that deportation was a possible consequence of his conviction. Two months later, the court sua sponte vacated its order upon determining that it had erred in granting defendant's motion. The court, however, lacked revisory or appellate jurisdiction to vacate its own order, sua sponte (*see Osamwonyi v Grigorian*, 220 AD2d 400, 401 [1995]; *see also Herpe v Herpe*, 225 NY 323, 327 [1919]). The record does not support the People's contention that the order was obtained by fraud or misrepresentation, and thus the court had no occasion to exercise its inherent power to vacate an order so obtained (*see People v Franco*, 158 AD2d 33, 35 [1990]; *cf. Matter of Lockett v Juviler*, 65 NY2d 182, 186-187 [1985]; *Matter of Lyons v Goldstein*, 290 NY 19, 25 [1943]). Under the circumstances of this case, "once the judgment of conviction was vacated, the guilty plea withdrawn and a not guilty plea entered, the prior plea and the judgment rendered thereon [were] beyond reinstatement" (*People v Jovet*, 41 AD2d 608, 609 [1973]). Present—Green, J.P., Pine, Kehoe, Gorski and Hayes, JJ.