■ The People of the State of New York, Respondent, v Trevor Frederick, Appellant. [881 NYS2d 395]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered September 12, 2007, convicting defendant, after a nonjury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

Where the court dismissed the indictment pursuant to CPL 200.80 as superseded by a new indictment, and subsequently dismissed the superseding indictment as procedurally defective, it properly reinstated the original indictment (*see People v Clarke*, 55 AD3d 1447, 1448 [2008], *lv denied* 11 NY3d 923 [2009]; *see also People v Rosa*, 265 AD2d 167 [1999], *lv denied* 94 NY2d 884 [2000]; *People v Lynch*, 162 AD2d 134 [1990], *lv denied* 76 NY2d 941 [1990]). The sole reason for dismissing the original indictment was that it had been superseded. However, the superseding indictment was a nullity that effectively left the original indictment in place.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). Defendant was properly convicted of felony murder based on evidence warranting a reasonable inference that, in the course of a burglary, defendant either pushed the deceased out of a fifth-story window after attacking him, or that the deceased fell while fleeing from defendant's attack by attempting to reach a fire escape. Under either scenario, the evidence established that defendant caused the victim's death (*see People v DaCosta*, 6 NY3d 181, 184 [2006]; *People v Matos*, 83 NY2d 509, 511 [1994]). We reject defendant's argument that a finding that defendant either pushed or drove the deceased out of the window would require speculation. On the contrary, we find that any third explanation for the fatal fall would be speculative. The evidence, including the surviving victim's credible account of defendant's conduct as well as compelling circumstantial evidence, pointed to the inescapable conclusion that the death could only have occurred in one or the other of the two ways posited by the People.

We perceive no basis for reducing the sentence, or directing that it be served concurrently with defendant's prior sentences.

Concur—Gonzalez, P.J., Mazzarelli, Buckley, Renwick and Abdus-Salaam, JJ.