■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RICKEY LYNCH, Respondent. [962 NYS2d 241]——

Appeals by the People (1) from an order of the County Court, Nassau County (Berkowitz, J.), dated August 26, 2011, which granted the defendant's motion pursuant to CPL 30.30 to

dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial, and (2), as limited by their brief, from so much of an order of the same court dated March 27, 2012, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated August 26, 2011, is dismissed, as that order was superseded by the order dated March 27, 2012, made upon reargument; and it is further,

Ordered that the order dated March 27, 2012, is reversed insofar as appealed from, on the law, upon reargument, the order dated August 26, 2011, is vacated, the defendant's motion pursuant to CPL 30.30 to dismiss the indictment is denied, the indictment is reinstated, and the matter is remitted to the County Court, Nassau County, for further proceedings consistent herewith.

When a defendant stands accused of a felony, the indictment must be dismissed unless the People are ready for trial within six months after the commencement of the criminal action (see CPL 30.30 [1] [a]; People v Sinanaj, 291 AD2d 513 [2002]). "Whether the People have satisfied this obligation is generally determined by computing the time elapsed between the filing of the first accusatory instrument and the People's declaration of readiness, subtracting any periods of delay that are excludable under the terms of the statute" (People v Cortes, 80 NY2d 201, 208 [1992]).

The record does not support a finding that the People's statement of readiness was illusory or otherwise ineffective, negating excludable periods of delay (see People v Cole, 24 AD3d 1021, 1023-1024 [2005]; People v Rodriguez, 306 AD2d 686, 687 [2003]; see also People v Fulmer, 87 AD3d 1385 [2011]).

With respect to periods of delay that occur following the People's statement of readiness, only those delays which are attributable to the inaction of the People and directly implicate their ability to proceed with trial are charged against them (see People v Carter, 91 NY2d 795, 799 [1998]; People v Cortes, 80 NY2d at 210), and any period of an adjournment in excess of that actually requested by the People is excluded (see People v Nielsen, 306 AD2d 500, 501 [2003]; People v McNeil, 222 AD2d 612 [1995]). Here, the total time chargeable to the People was less than the six-month period of time provided by CPL 30.30 (1) (a). Accordingly, the Supreme Court erred in granting the defendant's motion pursuant to CPL 30.30 to dismiss the indictment. Mastro, J.P., Angiolillo, Chambers and Cohen, JJ., concur.