The defendant’s claim that he did not validly waive his right to be prosecuted by an indictment is not precluded by his plea of guilty or his valid waiver of his right to appeal (see People v *796 Davenport, 106 AD3d 1197, 1197 [2013]). However, contrary to the defendant’s contention, he did validly waive his right to be prosecuted by an indictment (see CPL 195.10; People v Zanghi, 79 NY2d 815 [1991]).
“ ‘A criminal defendant’s right to a speedy trial is guaranteed both by the Sixth Amendment to the United States Constitution (US Const 6th, 14th Amends) and by statute (CPL 30.20; Civil Rights Law § 12)’ ” (People v Franco, 104 AD3d 790, 790 [2013], quoting People v Romeo, 12 NY3d 51, 55 [2009], cert denied 558 US 817 [2009]). To the extent that the defendant claims a violation of his constitutional right to a speedy trial, his contentions are without merit. To the extent that the defendant claims that his statutory right to a speedy trial pursuant to CPL 30.30 was violated, he has forfeited appellate review of this claim by pleading guilty (see People v O’Brien, 56 NY2d 1009, 1010 [1982]; People v Howe, 56 NY2d 622, 624 [1982]; People v Franco, 104 AD3d at 790).
The defendant’s valid waiver of his right to appeal precludes appellate review of his claim of ineffective assistance of counsel, except to the extent that the alleged ineffective assistance affected the voluntariness of his plea (see People v Lopez, 6 NY3d 248, 257 [2006]; People v Dunne, 106 AD3d 928, 928-929 [2013]; People v Smith, 102 AD3d 896, 897 [2013]). Insofar as the defendant contends that his counsel’s conduct affected the voluntariness of his plea, contrary to the defendant’s contention, his attorney provided him with meaningful representation (see People v Caban, 5 NY3d 143, 152 [2005]; People v Benevento, 91 NY2d 708, 712 [1998]; People v Baldi, 54 NY2d 137, 147 [1981]).
The defendant’s remaining contentions are without merit. Dillon, J.P., Dickerson, Austin and Sgroi, JJ., concur.