THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD GODBOLD, Appellant. [985 NYS2d 566]—

Judgment, Supreme Court, New York County (Laura A. Ward, J., at pretrial motions; Lewis Bart Stone, J., at jury trial and sentencing), rendered July 30, 2009, convicting defendant of two counts of criminal possession of a controlled substance in the third degree and sentencing him, as a second felony drug offender, to concurrent terms of 10 years, unanimously affirmed.

The court properly denied defendant's motion to preclude, on the ground of lack of CPL 710.30 (1) (a) notice, audio recordings containing statements by defendant. The statements were outside the scope of the statute, both because they were made as part of a criminal transaction, and also because they were made to persons who were not public servants (*see People v Semidey*, 254 AD2d 57 [1st Dept 1998], *lv denied* 92 NY2d 985 [1998]).

After dismissing the indictment on the ground of legal insufficiency of the grand jury evidence, the motion court properly exercised its discretion in reinstating the indictment upon the People's submission of a portion of the grand jury minutes that had been inadvertently omitted from their original submission (*see People v Contreras*, 192 AD2d 417 [1st Dept 1993], *lv denied*

81 NY2d 1071 [1993]). The court had inherent authority to reinstate the indictment (*see People v Frederick*, 14 NY3d 913, 916-917 [2010]), and defendant's claim that the indictment was unlawfully amended is without merit, because the text of the indictment remained unchanged. Although defendant asserts that nothing in the CPLR is relevant to the court's action, he inconsistently asserts that the People exceeded the 30-day time limit for reargument motions set forth in CPLR 2221 (d). In any event, that time limit would be inapplicable because the People's motion was essentially for renewal rather than reargument, and the court had discretion to entertain it (*see e.g. Framapac Delicatessen v Aetna Cas. & Sur. Co.*, 249 AD2d 36 [1998]). Finally, we note that defendant was not prejudiced by any mislabeling of the People's motion.

After conducting a suitable inquiry and determining that an absent juror would not appear within two hours after the time that the trial was scheduled to resume, the court properly exercised its discretion in substituting an alternate juror (*see* CPL 270.35 [2]; *People v Jeanty*, 94 NY2d 507, 511 [2000]).

Defendant's legal sufficiency claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations.

The record is unclear as to whether the court received or considered defendant's midtrial motion to receive in evidence portions of the grand jury testimony of an absent witness. In any event, there was no basis for receiving this hearsay evidence, and no violation of defendant's constitutional right to present a defense (*see People v Robinson*, 89 NY2d 648, 654 [1997]). Since there is no evidence that defendant took any actions, other than vaguely alluding to possible remedies, when the witness failed to respond to a subpoena, defendant did not establish that the witness was unavailable. Furthermore, despite ample opportunity to do so, defendant never established that the absent witness's testimony would have been material and not cumulative.

The court properly declined to give an accomplice corroboration charge regarding one of the People's witnesses. There was no evidence that she was involved in any of the facts or conduct constituting the offenses charged (*see People v Sweet*, 78 NY2d 263 [1991]), and no basis on which to submit to the jury the issue of whether she was an accomplice. The witness was only defendant's accomplice in the commission of separate criminal

activity that preceded the crimes at issue (*see e.g. People v Cruz*, 291 AD2d 1 [1st Dept 2002], *lv denied* 97 NY2d 752 [2002]). We perceive no basis for reducing the sentence.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits. Concur—Gonzalez, P.J., Friedman, Moskowitz, Freedman and Kapnick, JJ.