## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  May 14, 2015                   104897
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

TROY D. BIGWARFE,
                        Appellant.
_____


Calendar Date:  March 25, 2015

Before:  Lahtinen, J.P., McCarthy, Garry and Lynch, JJ.

                        _____


        Rosemary R. Philips, Canton, for appellant.

        Mary E. Rain, District Attorney, Canton (Patricia C.
Campbell of counsel), for respondent.

                        _____


Lynch, J.

        Appeal from a judgment of the County Court of St. Lawrence
County (Richards, J.), rendered February 14, 2012, upon a verdict
convicting defendant of the crime of criminal sale of a
controlled substance in the third degree (two counts).

        On January 21, 2010, defendant was charged in a felony
complaint with a single count of criminal sale of a controlled
substance in the third degree, based on the sale of one half of
an 80 milligram Oxycontin pill to a police informant in August
2009.  Thereafter, on July 29, 2010, defendant was indicted and
charged with three counts of criminal sale of a controlled
substance in the third degree: the first count was based on the
August 5, 2009 event underlying the felony complaint, and the
remaining counts were based on two sales of the same amount of

Oxycontin to the same informant on August 24, 2009. The People also announced their readiness for trial on July 29, 2010.

Defendant thereafter moved to dismiss the indictment based on statutory speedy trial grounds. The People conceded that count 1 was untimely, but otherwise opposed the motion. County Court initially granted the motion, but, upon the People's letter request to reconsider, ultimately reinstated counts 2 and 3 of the indictment. Following a jury trial, defendant was convicted on both counts and was sentenced to concurrent prison terms of four years on each count followed by two years of postrelease supervision. Defendant appeals.

Upon the filing of a felony complaint commencing a criminal action, the People must be ready for trial within six months (see CPL 30.30 [1] [a]; People v Nelson, 68 AD3d 1252, 1253 [2009]). A criminal action is commenced upon the filing of the first accusatory instrument (see CPL 1.20 [16] [a]) and "includes the filing of all further accusatory instruments directly derived from the initial one" (CPL 1.20 [16] [b] [emphasis added]; accord People ex rel. Greenstein v Sheriff of Schenectady County, 220 AD2d 190, 192 [1996]). Here, the issue distills to whether counts 2 and 3 of the indictment are directly derived from the felony complaint as part of the same criminal transaction (see People v Lowman, 103 AD3d 976, 977 [2013]). If so, the speedy trial time frame would relate back to the filing of the felony complaint; if not, that time period would be triggered by the indictment (see id.; People v Nelson, 68 AD3d at 1254; People v Dearstyne, 230 AD2d 953, 955 [1996], lv denied 89 NY2d 921 [1996]).

As a threshold point, citing to CPL 210.20 (4), defendant maintains that, after dismissing the indictment, County Court lacked authority to reconsider the matter simply on the basis of the People's letter request. We disagree. CPL 210.20 (4) speaks to the court's authority to authorize the People to resubmit a charge to the grand jury, but only where the indictment is dismissed on certain grounds that do not include a speedy trial violation (see CPL 210.20 [1] [g]; [4]). The question here, however, is whether the court retains inherent authority to rectify a prior error in dismissing an indictment, and it is our

view that the court has such authority (see People v Rosa, 265 AD2d 167, 167 [1999], lv denied 94 NY2d 884 [2000]; People v Clarke, 203 AD2d 916, 916 [1994], lv denied 83 NY2d 965 [1994]; see also People v Lynch, 162 AD2d 134, 134 [1990], lv denied 76 NY2d 941 [1990]).  Although no formal reargument motion was made, which would have been preferable, the letter request alerted the court to the error, and the court conducted a hearing before finalizing the reinstatement of counts 2 and 3.  Since defendant was given a full opportunity to be heard on the reinstatement request, we perceive no error.

The further question is whether the events alleged in counts 2 and 3 of the indictment are part of the same criminal transaction as count 1 (see CPL 40.10 [2] [b]).  Although each sale involved the identical amount of Oxycontin and the same participants, we find no error in County Court's conclusion that the two separate sales on August 24, 2009 were separate and distinct from the transaction occurring almost three weeks earlier (see People v Sant, 120 AD3d 517, 518-519 [2014]; People v Lowman, 103 AD3d at 977-978; People v Brown, 20 AD3d 577, 578-579 [2005], lv denied 5 NY3d 826 [2005]; People v Dearstyne, 230 AD2d at 955).  As such, the speedy trial period for counts 2 and 3 commenced with the filing of the indictment, not the earlier felony complaint.  It follows that County Court properly denied defendant's speedy trial motion as to these counts of the indictment.

Lahtinen, J.P., McCarthy and Garry, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court