People v Clark (2019 NY Slip Op 01224)





People v Clark


2019 NY Slip Op 01224


Decided on February 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-04635

[*1]The People of the State of New York, respondent,
v
Stephen Clark, appellant. (S.C.I. No. 2486/16)


Janet E. Sabel, New York, NY (Jeffrey Dellheim of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Ann Bordley of counsel; Masha Simonova on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Laura R. Johnson, J.), rendered March 25, 2016, convicting him of unauthorized use of a vehicle in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was arraigned on a felony complaint charging him with various felonies and misdemeanors. A few days later, the prosecutor and defense counsel appeared before the Supreme Court in the absence of the defendant. The prosecutor offered the defendant to plead guilty to unauthorized use of a vehicle in the third degree, a class A misdemeanor. Defense counsel responded that the defendant was "interested in that disposition." The court then asked the prosecutor if she "want[ed] to reduce [the charges] for disposition purposes" before the defendant was brought into the courtroom. The prosecutor responded that she did, and then moved to dismiss the felony counts. The court granted the motion, and said that it would later recall the case. Later that day, when the case was recalled, the prosecutor stated, "at this time, the People are withdrawing their previous dismissal of the felony counts. We are asking to retain the original docket, filed with the court on the arraignment date. The offer does remain the same." Defense counsel responded that, although the defendant was "going to accept [the offer] regardless of what exact form it takes," she did not believe that the court was authorized to reinstate the felony counts that had been dismissed. The court then stated that the felony counts were restored. Later that day, the case was recalled for a third time with the defendant present. The defendant signed, inter alia, a waiver of indictment and a waiver of preliminary hearing, and agreed to be prosecuted by Superior Court Information. He thereafter pleaded guilty unauthorized use of a vehicle in the third degree.
"Although [the] defendant's challenge to the validity of [his] waiver of indictment is not forfeited by a plea of guilty and is not precluded by any valid waiver of the right to appeal" (People v Grof, 158 AD3d 818, 818), the defendant's contention that his waiver of indictment was invalid is without merit. CPL 195.10(1) provides, in relevant part: "[a] defendant may waive indictment and consent to be prosecuted by superior court information when: (a) a local criminal court has held the defendant for the action of a grand jury." " Being so held for the action of a Grand Jury involves the filing of a felony complaint on which [the] defendant has been arraigned and a [*2]finding after a preliminary hearing (unless waived by [the] defendant) that reasonable cause exists to believe that [the] defendant committed a felony'" (People v Anderson, 149 AD3d 766, 767, quoting People v Barber, 280 AD2d 691, 692). Here, contrary to the defendant's contention, the Supreme Court had the authority to reinstate the felony counts that had previously been dismissed at the request of the prosecutor (see People v Barnett, 254 AD2d 12, 12; People v Clarke, 203 AD2d 916, 916; see also People v Francis, 132 AD3d 893, 895, affd 28 NY3d 1034; People v Rosa, 265 AD2d 167, 167). Therefore, the defendant was held for the action of a grand jury prior to his execution of the waiver of indictment.
AUSTIN, J.P., MALTESE, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court